**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BOSCOV'S, INC., et al., | ) | Case No. 08-11637(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | **Re Dkt Nos. 444 & 582** |

**MEMORANDUM OPINION RE DENIAL OF OBJECTION OF HSBC
BANK NEVADA, N.A. (D.I. 582) TO DEBTORS' MOTION TO AUTHORIZE
(A) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS
FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES,
(B) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (C) RELATED RELIEF (D.I. 444)**

Debtors are seeking approval of the sale of substantially all of their assets to BLF Acquisition, Inc. ("BLF")("the Sale"), and HSBC Bank Nevada, N.A. ("HSBC") is objecting because the agreement for the Sale ("the APA") is conditioned upon the assignment of the private label credit card program agreement (the "Agreement") between the Debtors and HSBC. HSBC argues that 11 U.S.C. § 365(c)(2) prohibits the assumption and assignment of any executory contract if "such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor. . . ."

The issue, then, is whether the Agreement falls within the ambit of § 365(c)(2). HSBC and the Debtors executed the Agreement on or about April 25, 2006. HSBC thereby purchased Boscov's private label credit card program to provide a Boscov's credit card to Boscov's customers. Under this arrangement, HSBC extends credit to the customers for purchases at Boscov's stores only, and HSBC pays the Debtors a 4% royalty fee for each sale made to customers who use the private label card.

HSBC concedes that it is not extending credit directly to the Debtors (the credit is provided directly to Boscov's customers), but contends that (a) it is extending credit and (b) that extension of credit or financial accommodation is "for the benefit of the Debtors." In other words, by extending credit to customers, the Debtors benefit because customers will spend money at Boscov's and also Boscov's receives a royalty fee. Therefore, according to HSBC, both clauses of §365(c)(2) are satisfied and the Agreement is not assumable.

HSBC contends that when a "statute's language is plain, the sole function of the courts is to enforce it according to its terms" unless such an interpretation would lead to an absurd result, and that the language of §365(c)(2) is plain and unambiguous. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989. The Court disagrees. Specifically, the Court holds that the "for the benefit of the debtor" language is ambiguous. It is unclear what "benefit" means. If the benefit can be any benefit at all, no matter how incidental or *de minimis*, the result would indeed be absurd.

Further, if the Court assigns the meaning to "benefit" that HSBC requests, any benefit, the result would nullify the "for the benefit of the debtor" language. Because every contract, and particularly contracts that a debtor seeks to assume, provide a bargained-for benefit to both parties, every contract that qualifies as an extension of credit to a third party would qualify under this exception. Therefore, only the first prong of the proposed test would matter under an "any benefit" analysis. This untenable result leads the Court to conclude that the meaning of the statute does exempt the Agreement from the confines of §362(c)(2).

Having concluded that the language of the section is unclear, this Court will evaluate the legislative history in order to determine whether Congress intended for contracts such as the Agreement to be exempt from assumption. Regrettably, the legislative history, which is sparse only offers this minimal guidance, that "a party to a transaction which is based upon the financial strength *of the debtor* should not be required to extend new credit *to the debtor*." S. Rep. NO. 95-989, at 58-59 (1978), U.S. Code Cong. & Admin. News 1978, at 5844-45 (emphasis added). Other cases suggest that based on this history, the purpose behind § 365(c)(2) is to avoid forcing a pre-petition creditor to continue to provide financing to a debtor. *In re Best Products Co.*, 210 B.R. 714 (Bankr. E.D. Va. 1997). In this case, like in *Best Products*, HSBC is not extending financing to the Debtors, but to third parties. The Court finds HSBC's legislative history arguments unpersuasive, particularly the argument that because Congress added the "for the benefit of the debtor" language after all existing legislative history, they intended for the exception to apply even when a debtor incurs no liability under the contract. Instead, the Court is confident that what Congress intended was to prevent bankruptcy courts from compelling lenders to extend financing under pre-petition agreements to debtors either as the primary borrower or as a guarantor.

The case law supports this conclusion. As the court in *Best Products* illustrated, "in nearly every instance where a financial accommodation has been found to exist, the debtor has been directly or secondarily liable for the debt incurred." 210 B.R. at 717. This is true even in the cases cited by HSBC in support of its objection. *See In re Cole Bros., Inc.*, 154

B.R. 689 (W.D. Mich. 1992)(holding a financial accommodation where the debtor dealer obtained direct financing under a floor plan arrangement with it supplier); *see also In re Sun Runner Marine, Inc.*, 945 F.2d 1089 (9th Cir. 1991)(finding financial accommodation where the debtor was guarantor on credit extended to customers).  In this case, the Debtors are not primarily or even secondarily liable to HSBC.  Only the customers are the recipients of credit.  Therefore, the Agreement assignment is not precluded by § 365(c)(2).

Debtors have asked the Court to waive the ten day stay requirements of Bankruptcy Rules 6004(h) and 6006(d).  The Court will grant that request, over the objection of HSBC.  A court may reduce or waive the ten day stay period when there is a sufficient business need to close the transaction.  *In re PSINet Inc.*, 268 B.R. 358, 379 (Bankr. S.D.N.Y. 2001)(holding that debtor must demonstrate a business exigency demonstrating need for earlier closing date).  The Court finds that such a business exigency exists in this case.  Given the nature of the Debtors' business, a retail chain, and the impact of the impending holiday shopping season, there is sufficient cause to require that the Sale close in time for the Purchasers to take possession on the established close date, November 26, 2008.  The Court acknowledges that when an overruled objecting party informs a court that it intends to appeal and seek a stay, that court should not reduce the stay period to less than an amount of time sufficient to seek a stay.  The Court must emphasize, however, that it does not believe that HSBC is likely to succeed on the merits of its appeal.  Moreover, it is clear that HSBC is in reality seeking to renegotiate the terms of the Agreement and is using the objection and the

appeal as leverage. The only circumstance that has occurred to provide HSBC its opportunity to renegotiate is this bankruptcy and the Sale negates any consequence of the bankruptcy. The Sale is too important and valuable to too many interests to permit a dubious argument to interfere with its consummation. In the Court's view, the only reason not to waive the stay is to accommodate the distinguished District Court's schedule, but on balance, the Sale must prevail even over the Court's sensitivity to and respect for the upper court.

In conclusion, the objection of HSBC is overruled and the executory contract for credit card processing and the private credit card label (i.e., the Agreement) can be assumed and assigned as provided for by the APA. The automatic ten day stay pursuant to Bankruptcy Rules 6004(g) and 6006(d) is hereby waived. Finally, the request for certification to the Third Circuit Court of Appeals pursuant to 28 U.S.C. §158 will be denied. The rulings contained herein are incorporated into the Sale Order of even date.

Dated: November 21, 2008

KEVIN GROSS, U.S.B.J.