IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

In re:

BSCV, INC. (f/k/a Boscov's, Inc.), et al.,

Debtors.

------------------------------------------------------------X

Case No.: 08-11637 (KG)

Chapter 11

Jointly Administered

Re Dkt Nos. 1200, 1235, 1246, 1255 and 1259

## ORDER APPROVING JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING AND APPROVING THE IMPLEMENTATION OF A PROCESS TO RESOLVE UNLIQUIDATED LITIGATION CLAIMS AND GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[1] of BSCV, Inc. (f/k/a Boscov's, Inc.) and its affiliated debtors and debtors-in-possession (the "Debtors") and the Official Committee (the "Committee") of Unsecured Creditors of BSCV, Inc. (f/k/a Boscov's, Inc.) et al., for entry of an order, pursuant to section 105(a) of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing and approving the implementation of an alternative dispute resolution program (the "ADR Program") to resolve certain unliquidated tort and other civil claims (the "Litigation Claims") filed against the Debtors' estates by holders of Litigation Claims; and (ii) granting related relief; and upon the objections of Joseph Lockavich, Catherine and Joseph Persichetti and Lisa-Ann Potter Saeger (collectively, the "Objectors"); and upon the relief requested by the Motion having been revised as per negotiations between the Debtors, the Committee and Objectors; and upon the Court having determined that the relief requested in the Motion is in the best interests of the Debtors,

---

[1] All capitalized terms not expressly defined herein shall be given the meaning ascribed to them in the Motion.

their estates, creditors and parties-in-interest in these chapter 11 cases; and it appearing that no other or further notice need be given; and upon the Motion and the entire record of the proceedings before the Court; and after due deliberation and sufficient cause therefore, it is hereby

**ORDERED**, that the relief requested by the Motion is hereby granted as set forth herein; and it is further;

**ORDERED**, that the ADR Program shall be implemented subject to the following conditions:

(a) Referral to Mediation: At the Debtors' and the Committee's discretion, or, after the effective date of the plan (the " (the "Plan") of liquidation proposed in these cases (the "Effective Date"), at the discretion of the Distribution Trustee and the Oversight Committee (as those terms are defined in the Plan), all Litigation Claims timely filed will be referred to mediation.

(b) Appointment of Mediator: One or more mediators (the "Mediators") shall be selected by the Debtors, in consultation with the Committee, or, after the Effective Date, by the Distribution Trustee and the Oversight Committee, and the Litigation Claimants. In connection therewith, the parties will use their best efforts to select a Mediator from the jurisdiction or district in which the Litigation Claims are pending or could have been brought. All claims subject to mediation would be assigned to one of the Mediators, who would be responsible for scheduling and handling the mediation. In the event that the parties are unable to agree on a Mediator after good faith negotiations, the parties shall inform the Court of their failure to do so, and a Mediator shall be appointed by the Court.

The Mediators selected by the Debtors shall be subject to the conditions of disqualifications set forth in 28 U.S.C. § 455.

(c) Term of Mediator: Each Mediator will serve an initial term of 6 months from the date an order is entered approving the instant Motion. The initial term may be extended, as necessary, upon further order of the Court. Notwithstanding the preceding, in the event any Mediator shall have a case pending at the time that the initial term expires, a further order shall not be required for any such Mediator to complete the pending case, and the Mediator may continue serving until such time as the pending case has been completed.

(d) Compensation of Mediators: The Mediators shall charge his/her standard hourly rate for services of this kind. Payment of compensation, including all fees and expenses, shall be equally allocated between the estates and the parties participating in the mediation.

(e) Conduct of Mediation: As soon as practicable after the entry of an order approving the Motion, the Mediators shall meet with representatives of the Debtors and the Committee, or, if after the Effective Date, the Distribution Trustee and the Oversight Committee and the Litigation Claimants, to discuss discovery and any other procedural issues applicable to the mediation process. The Mediators shall handle all mediated claims and will have the authority to establish all mediation procedures (except as may be otherwise set forth herein or established by the Court), including the scheduling of a mediation session and the submission and exchange of relevant documents.

(f) Notice: At the direction of the Mediator, the Debtors or the Distribution Trustee will serve notice of the date, time and location of the individual mediation sessions upon each claimant at the address listed in the claimant's proof of claim. The notice shall also contain the procedures applicable to the individual mediation sessions, including the time for submission of any documents or statements by the parties. No party in interest shall be allowed to conduct any discovery related to the Litigation Claims prior to mediation session except as the parties have agreed to pursuant to subsection (e) above.

(g) Mediation Statement: Each participant in the Mediation may submit a statement (the "Mediation Statement") summarizing the facts and circumstances giving rise to the Litigation Claim. Meditation Statements must be served at least two (2) weeks prior to the date of the Mediation Conference (defined below) and must not exceed 10 pages in length. A response to the Mediation Statement, not exceeding 7 pages in length, shall be served by the Debtors or the Committee, or if after the Effective Date, the Distribution Trustee and the Oversight Committee, at least one (1) week prior to the date of the Mediation Conference.

(h) Mediation Conference: All parties referred to Mediation will be required to attend a conference (the "Mediation Conference") and participate in settlement discussions in good faith. After the Mediation Conference, a Litigation Claimant may, upon a motion on notice to the Debtors and the Committee, or, if after the Effective Date, the Distribution Trustee and the Oversight Committee, seek to have its Litigation Claim (i) determined and liquidated in the administrative or judicial tribunal in which it is pending, or if no action is pending, in any

administrative or judicial tribunal of appropriate jurisdiction; or (ii) estimated, pursuant to section 502(c) of the Bankruptcy Code. Any party may be represented by legal counsel at its own cost and expense, although participation of legal counsel shall not be required for the conduct of the Mediation.

(i) <u>Settlement Offers</u>: Within ten (10) days after the conclusion of the Mediation Conference, to the extent the parties fail to reach a consensual settlement, the Mediator shall either (i) issue a report (the "<u>Mediation Report</u>") of his findings and recommended settlement to the parties or (ii) furnish the parties with an oral recommendation for settlement. The Mediation parties will be required to accept or reject the proposed settlement within twenty (20) days of the recommendation. If the parties accept the settlement recommendation or otherwise reach an agreement, the Debtors or the Distribution Trustee shall file a motion accompanied by an appropriate stipulation seeking approval for the settlement, except as provided in the Plan. To the extent the parties fail to reach an agreement, no party will be bound by the Mediator's recommendation or by any statement made or action taken during the mediation.

(j) <u>Costs</u>: Each of the parties shall be responsible for its allocable share of the Mediator's costs and otherwise for the payment of its own individual costs and expenses, including any legal fees and expenses. Notwithstanding the foregoing, to the extent a party fails to appear for a scheduled mediation session and/or fails to participate in good faith, such party shall be responsible for payment of all costs related to such session, including the Mediator's compensation, all legal fees and expenses of the opposing party and such other costs, fees and/or penalties the

Court deems appropriate. The Debtors' estates will advance all costs of the mediation and recoup payments made on behalf of the Litigation Claimants by reducing the distribution payable to such Litigation Claimant. In the event a claimant's distribution on any allowed claim is insufficient to pay for the litigation claimant's share of the mediation costs, such litigation claimant shall pay the balance of the amount due to the Debtors' estates within ten (10) days of receiving written notification of the amounts due.

(k) Other Laws: Nothing contained in the proposed ADR Program or any mediation order shall relieve the Debtors, the Committee, any party in interest and/or their agents and representatives from complying with any other orders of this Court, the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

(l) Confidentiality: To ensure the open exchange of information, all discussions, statements and communications held between the parties and the Mediator shall be deemed confidential and shall not be disclosed to the Court or any third parties. All documents and/or other information, whether written or oral, provided by the parties to the Mediator shall also be confidential and protected from disclosure, except to the extent that they made be otherwise admissible under law or are necessary to complete the Mediation Report. In addition, the Mediators shall not be compelled to divulge any records or testify in regard to the Mediation in connection with any arbitral, judicial or other proceeding.

(m) Estimation and Liquidation: To the extent that any claim cannot be resolved through mediation, the Debtors' estates and the Litigation Claimants retain their

rights to have the Litigation Claims (i) determined and liquidated in the administrative or judicial tribunal in which it is pending, or if no action is pending, in any administrative or judicial tribunal of appropriate jurisdiction; and/or (ii) estimated, pursuant to section 502(c) of the Bankruptcy Code, in a proceeding before the United States District Court for the District of Delaware;

(n) <u>Reservation of Rights</u>: Nothing herein shall preclude a Litigation Claimant from seeking recovery of its costs and fees pursuant to 42 U.S.C. § 1988 or other applicable law in the event that (i) its Litigation Claim is determined and liquidated in the administrative or judicial tribunal in which such Litigation Claim is pending; and (ii) such Litigation Claimant is the prevailing party such a proceeding; and it is further

**ORDERED**, that notice of entry of this order shall be served within five (5) business days upon (i) the Office of the United States Trustee; (ii) the Litigation Claimants that filed proofs of claim at the address listed in their respective proofs of claim filed in these chapter 11 cases; (iii) the Insurance Carriers; and (v) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002.

Dated: Wilmington, Delaware
August 26 2009

/s/ Kevin Gross
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE